UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Judge Berman**

-------------------------------------------------------x

ANDRE HALL

                 Plaintiff,

**07 CV 2545**

Index No.

    - against-

SMITHKLINE BEECHAM CORP.

             Defendants.

-------------------------------------------------------x

RECEIVED
COMPLAINT
MAR 2 8 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff by his attorneys, the Law Offices of Jonathan Weinberger, as and for his complaint ,respectfully alleges as follows:

## JURISDICTION AND VENUE

1.    This action is brought  pursuant to the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. Sec. 2601 et seq. ("the FMLA"),  the provisions of the Employment Retirement Income Security Act ("ERISA"), 29 USC § 1001 et seq., and  to remedy discrimination under the New York State Human Rights Law (the "HRL") and the Administrative Code of the City of New York (the "NYCHRL").

2.    Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to the above-referenced statutes.

3.    Plaintiff has fully complied with all prerequisites to jurisdiction in this court under applicable law.  This Court has jurisdiction over this matter under the FMLA, as set forth in 28 U.S.C. § 1331 and 26 U.S.C.  U.S.C. § 2617(a).  Jurisdiction of plaintiff's claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001 et seq. is invoked

pursuant to 29 U.S.C. §1132. Jurisdiction of the claims under the New York State Human Rights Law, and the Administrative Code of the City of New York is invoked under the principles of pendent jurisdiction.

4.     As the unlawful employment practices complained of herein occurred within the Southern District, venue is proper in this district.

PARTIES

5.     Upon information and belief defendant SMITHKLINE BEECHAM CORP. is a foreign corporation authorized to do business in the State of New York.

6.     Plaintiff at all relevant times was employed by defendant as a medical representative in Bronx County, and has resided in Bronx County.

BACKGROUND

7.     Defendants are engaged in commerce within the requirements of the FMLA.

8.     Defendants employed fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the twelve (12) months prior to plaintiff ceasing employment with defendants.

9.     Defendants employ fifty (50) or more employees within a 75 mile radius of that location where plaintiff worked at the time of the end of his employment.

10.    Plaintiff had worked for defendants for at least twelve (12) months prior the end of his employment.

11.    Plaintiff had worked for defendants for at least 1,250 hours during the previous twelve (12) months period prior to the end of his employment.

12.    At all relevant times, plaintiff has had a serious health condition which constituted

2

an illness, injury, impairment or physical or mental condition that involved continuing treatment by a health care provider.

13.    At the time of the end of his employment, plaintiff had used less than 12 weeks of FMLA leave during the one year period prior to the end of his employment.

14.    Plaintiff's date of birth is October 20, 1942.

15.    Plaintiff was hired by defendants in or about August, 1972.

16.    In or about October, 2004 plaintiff was injured in a car accident in the course of his employment.

17.    Plaintiff injuries included the following: injury to neck, shoulder and spine.

18.    In or about July, 2006, plaintiff was diagnosed with PSVT (Paroxysmal supraventricular tachycardia (PSVT).

19.    On about, July 6, 2006, plaintiff was absent from work in connection with PSVT.

20.    On or about July 10, 2006, plaintiff returned to work.

21.    Plaintiff suffers from high blood pressure.

22.    In or about July, 2006, treatment for plaintiff 's heart related medical conditions involved a pacemaker.

23.    In September, 2006, plaintiff took a day off from work for medical treatment connected with his heart related disabilities and serious medical conditions.

24.    Plaintiff was subject to written warnings for his absences related to his disabilities and serious medical conditions.

25.    Plaintiff was subjected to disciplinary actions.

26.    Similarly situated employees who did not have disabilities or serious medical

3

conditions were not subject to disciplinary actions.

27.   Similarly situated younger employees were not subjected to disciplinary actions.

28.   Plaintiff requested reasonable accommodations in connection with his disabilitites and serious medical conditions.

29.   Plaintiff requested FMLA qualifying leave in connection with his serious medical conditions.

30.   On or about, February 26, 2007, defendants informed plaintiff that he would be fired and that he would lose his pension and other benefits if he did resign the next day.

31.   On February, 27, 2007, plaintiff's employment with defendants ended.

32.   At all relevant times, plaintiff had serious medical conditions, under the FMLA, and disabilities, under the HRL and the NYCHRL.

33.   At all relevant times, defendants were notified of plaintiff's serious medical conditions and disabilities, under the FMLA, and disabilities, under the HRL and the NYCHRL.

34.   At all relevant times, plaintiff requested reasonable accommodations for his disabilities and serious health conditions.

35.   At all relevant times, plaintiff was able to perform the essential functions of his job with a reasonable accommodation.

36.   Defendants failed to afford plaintiff a reasonable accommodation for his disabilities and serious health conditions.

37.   Defendants did not provide plaintiff with proper notice of his rights under applicable law, including but not limited to the FMLA, the HRL and the NYCHRL.

38.   Defendants did not afford plaintiff leave as required by the FMLA, the HRL and the

4

NYCHRL.

39. Defendants retaliated against plaintiff in response to his requests for reasonable accommodations, and the exercise of his rights under the HRL and NYCHRL.

40. Defendants interfered with and retaliated against plaintiff in connection with his rights under the FMLA.

41. By reason of the unlawful conduct of defendants, plaintiff was constructively discharged.

42. As a result of defendants' discriminatory and unlawful acts and retaliatory acts, including but not limited to those described above, and the hostile environment created thereby, plaintiff has suffered and will continue to suffer monetary damages and damage unless and until this court grants relief.

## FIRST COUNT

43. Plaintiff repeats, reiterates and realleges each and every allegation set forth above, as though set forth fully herein.

44. Defendants failed to afford plaintiff his rights pursuant to the FMLA.

45. Defendants retaliated against plaintiff for exercise of his rights under the FMLA.

46. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of the defendants' unlawful practices, unless and until this court grants relief.

## SECOND COUNT

47. Plaintiff repeats, reiterates and realleges each and every allegation set forth above, as though set forth fully herein.

48. Defendants violated plaintiff's rights under ERISA.

5

49.   Defendants breached their fiduciary duties with regard to plaintiff.

50.   Defendants are estopped from denying plaintiff benefits that would have vested and or accrued after his separation from employment.

51.   On February 26, 2007, defendants informed plaintiff that if he did not resign he would lose his pension, retirement benefits and retirement health benefits.

52.   Defendants materially misrepresented the applicable benefit plan and or law by informing plaintiff that he would lose his pension, retirement benefits and retirement health benefits if he did not resign.

53.   Plaintiff relied on these false representations, and reasonably relied in so doing.

54.   Plaintiff has been damaged by said misrepresentations, including but not limited to the loss of benefits and wages that would have continued to accrue had plaintiff continued to be employed.

THIRD COUNT

55.   Plaintiff repeats the allegations set forth above with the same force and effect as if set forth herein.

56.   The above acts and practices of defendants constitute unlawful discriminatory employment practices based on age, disability and/or perceived disability, hostile environment, and retaliation within the meaning of the New York State Human Rights Law.

57.   Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendants' discriminatory practices, unless and until this court grants relief.

FOURTH COUNT

6

58.    Plaintiff repeats the allegations set forth above with the same force and effect as if set forth herein.

59.    The above acts and practices of defendant constitute unlawful discriminatory practices based on age, disability and/or perceived disability, hostile environment and retaliation within the meaning of Section 8-101 *et seq.* of the Administrative Code of the City of New York.

60.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendants' discriminatory practices, unless and until this court grants relief.

WHEREFORE, plaintiff respectfully requests that this court grant the following relief:

1.    Enter a declaratory judgment that the acts and practices of Defendants complained of herein are in violation of the laws of the United States, the State of New York and the City of New York, and for such other affirmative relief as may be necessary to redress the effects of Defendants' discriminatory acts, including reinstatement, damages for wages, benefits, front pay, pain and suffering, compensatory damages, punitive damages, liquidated damages, attorney's fees, cost and disbursements, and legal interest thereon.

2.    A money judgment, in an amount to be determined at trial, for the mental distress, anguish, pain and suffering experienced by Plaintiff as a result of Defendants' illegal employment practices and activities, as provided for by the HRL and the NYCHRL.

3.    A money judgment, in an amount to be determined at trial, for punitive damages to the extent that defendants' actions were willful, intentional and malicious.

4.    Enter judgment and grant relief declaring that the action of defendants described herein have violated plaintiff's rights under § § 29 U.S.C. 2614 (a)(1), 2614 (a)(2), 2614(c)(1) and 2615 (a).

5.    Enter judgment in favor of plaintiff and against defendants for damages and interest pursuant to § § 29 U.S.C. 2617 (a)(1) (A)(i) and 2617 (a)(1)(A)(ii).

6.    Enter judgment in favor of plaintiff and against defendants for liquidated damages pursuant to § 29 U.S.C. 2617 (a)(1) (A)(iii).

7.    Award full equitable relief under ERISA (29 USC section 1001 et seq.), including back pay, reinstatement to plaintiff's position as an employee of defendant, restitution of plaintiff's lost employee benefits, restoration of plaintiff seniority, and prejudgment interest.

8.    Award plaintiff the cost of this action together with reasonable attorneys' fees, pursuant to the FMLA, ERISA and the NYCHRL.

9.    Grant plaintiff such other and further relief as to this court appears just and proper.

DEMAND FOR A TRIAL BY JURY

7

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury in this action.

Law Offices of Jonathan Weinberger
Attorneys for Plaintiff

BY: _____
(JW-2425)
880 Third Avenue, 13th Fl.
New York, New York 10022
(212) 752-3380

8